UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR16-07 RSM |
| Plaintiff, | |
| v. | ORDER AFFIRMING GUIDELINES CALCULATION AND STATUS REPORT TO THE COURT OF APPEALS |
| NATHANIEL WELLS, | |
| Defendant. | |

This matter has come before the Court on a limited remand from the Ninth Circuit Court of Appeals to recalculate the number of victims and, if necessary, to re-sentence the defendant. The Court of Appeals further directed that a status report be provided within 30 days of the proceedings held on remand. Dkt. 314.

The Court has considered the government's original motion to the Court of Appeals requesting a limited remand, the defendant's opposition, the government's response, and the order of the Court of Appeals; the government's status reports filed during the pendency of these limited proceedings, along with its motion to affirm the finding that the offense involved ten or more victims, Dkt. 330, 334; the files and pleadings herein; and the oral arguments of the parties. The Court now enters the following Order and Status Report.

/ / /

/ / /

*United States v. Wells*, CR16-07 RSM
Order Affirming Guidelines Calculation and
Status Report to the Court of Appeals - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# I.    BACKGROUND

The defendant, Nathaniel Wells, was sentenced by this Court to serve a term of 134 months incarceration for his conviction for *Conspiracy to Commit Bank Fraud*. Dkt. 232. Before imposing this sentence, this Court calculated the defendant's guidelines range as 168 to 210 months, based on a total offense level of 30 and a criminal history category of VI. Dkt. 198, at 19. This total offense level included a two-level increase because this Court found that the crime involved ten or more victims. Dkt. 198, at 13, 16 (citing U.S.S.G. § 2B1.1(b)(2)(a)(i)). The defendant appealed. Dkt. 235.

While the appeal was pending, the government received information that two payment-processors— Chase Paymentech and Vantiv—had or may have absorbed the losses on behalf of their clients, the victim-merchants. The government promptly disclosed that information to the defendant. Because this differed from information the government had presented to the Court at sentencing, the government also sought a limited remand from the Court of Appeals to address that new information. The government explained to the Court of Appeals that it had "confirmed that Chase [Paymentech] subsumed [the victim-merchants'] losses approximately 185 days after the fraud in this case was initially reported." With respect to Vantiv, the government told the Court of Appeals that it is "also investigating whether Vantiv subsumed more of its [victim-] merchants' losses than initially believed, but has thus far been unable to confirm whether that is the case." If both payment-processors had absorbed all of their victim-merchants' losses, that could have brought the total number of victims below ten.

The defendant opposed the remand. The Court of Appeals granted the government's motion for a limited remand, instructing this Court "to conduct whatever proceedings it deems necessary to recalculate the number of victims in light of newly presented evidence, and if necessary, to re-sentence Defendant based on any consequent change to the applicable Sentencing Guidelines range."

On remand, this Court first accepted the defendant's waiver of his presence at these proceedings, except for any re-sentencing that may have been required. Dkt. 317.

*United States v. Wells*, CR16-07 RSM
Order Affirming Guidelines Calculation and
Status Report to the Court of Appeals - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Second, this Court then gave the government several months to obtain whatever information it could from the payment-processors relevant to the question of the number of victim-merchants. Dkt. 317, 331. On August 6, 2019, the government filed a Status Report and Motion to Affirm Finding That Offense Involved Ten or More Victims. Dkt. 334. Included with its motion was the Declaration of Troy Vespie, a Vantiv employee who had been involved in the original fraud investigation. Dkt. 335. That Declaration explained in some detail that the information presented to this Court during a four-day evidentiary hearing in 2017 was correct, and that a number of Vantiv's victim-merchants had indeed borne their own losses. The defendant opposed the government's motion, and requested an evidentiary hearing. Dkt. 343. A hearing on the motions was held on September 13, 2019. Dkt. 344.

### III.    FINDINGS

This Court finds that the Declaration of Troy Vespie is credible. Mr. Vespie provided detailed information to the FBI during the investigation of the fraud that thoroughly documented the loss associated with each victim-merchant, as well as whether the victim-merchant or Vantiv bore the loss. The Court relied on that data in making its findings at the evidentiary hearing held to determine a number of issues relevant to calculating the proper sentencing guidelines range. The declaration states that, at one point after sentencing, the U.S. Attorney's Office's asked Vantiv to provide victim contact information so it could properly direct any restitution payments. In response, Mr. Vespie told the government that "Outside of Ovation Brands Vantiv took the loss as a result of the fraud. We did not charge our customers for the returns." Dkt. 334-1. Mr. Vespie's Declaration, however, explained that, based on further review, that representation to the government was made in error, and that the original information he provided—and which was then provided to this Court at sentencing—was correct. Mr. Vespie also explained that, because there were a number of frauds under investigation, he had confused this set of frauds for another, unrelated fraud. He further explained that, before making the Declaration, he checked a number of internal systems and could find

*United States v. Wells*, CR16-07 RSM
Order Affirming Guidelines Calculation and
Status Report to the Court of Appeals - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

no evidence that Vantiv subsumed the losses of these particular victims. This explanation for his error is understandable, and consistent with ordinary human errors made even in the justice system. Further, the government represented that it had successfully contacted two of the victim-merchants; both reported that they had not been reimbursed by Vantiv for their losses. There is no evidence—beyond Mr. Vespie's misstatement to the U.S. Attorney's Office—that Vantiv ever reimbursed the relevant victim-merchants.

The U.S. Sentencing Guidelines defines "victim," for the purposes of U.S.S.G. § 2B1.1(b)(2)(A)(i), as "any person who sustained any part of the actual loss determined under subsection (b)(1)." *See* U.S.S.G. § 2B1.1, cmt. 1. Applying this definition, there were more than thirty Vantiv-related victim-merchants of the fraud scheme engaged in by the defendant and his co-conspirators. Even excluding the Chase Paymentech victims, the total number of Vantiv victims plus the other victims not at issue in this limited remand is approximately forty. Accordingly, this Court finds that the number of victims is greater than ten, and that the Sentencing Guidelines two-level enhancement was properly applied.

## IV.    ORDER

This Court GRANTS the government's motion to affirm its original guidelines calculation. The defendant's objections to this order on the stated grounds that this Court's findings are not supported by substantial evidence and that he was not afforded a full and fair opportunity to contest those findings are overruled. This Court DENIES the defendant's motion for an evidentiary hearing.

## V.    STATUS REPORT

This Court has re-examined the calculation of the number of victims and concludes that it remains more than ten. As a result, there is no change to the Sentencing

/ / /

/ / /

*United States v. Wells*, CR16-07 RSM
Order Affirming Guidelines Calculation and
Status Report to the Court of Appeals - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Guidelines calculation. Thus, this Court will not resentence the defendant. The matter should be returned to the Court of Appeals for further proceedings consistent with these findings and order.

DATED this 23rd day of September, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

/s/ Erin H. Becker
Erin H. Becker
Assistant United States Attorney

Approved as to form:

/s/ Gilbert Levy
Gilbert Levy
Attorney of the Defendant

*United States v. Wells*, CR16-07 RSM
Order Affirming Guidelines Calculation and
Status Report to the Court of Appeals - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970