UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>NATHANIEL WELLS,<br><br>Defendant. | CASE NO. CR16-07RSM<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on the Motion for Compassionate Release filed by Defendant Nathaniel Wells. Dkt. #411. Mr. Wells, an inmate at FCI Sheridan in Oregon, "seeks release in that his health and safety are at risk due to the spread of COVID-19 and because he has been subjected to oppressive conditions of confinement." *Id.* at 1–2.

On March 30, 2018, Mr. Wells was sentenced in this case to a term of 134 months, following his guilty plea to the crime of conspiracy to commit bank fraud. *See* Dkt. #232. On that same day, in Case Number 12-cr-339-RSM, he was sentenced to a term of 36 months for supervised release violations. The sentences on the two cases were ordered to run concurrently. With credit for time served prior to sentencing, he has served more than 54 months, with a projected release date of 7/7/2025.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 1

Mr. Wells has apparently applied to the Warden for compassionate release Pursuant to Title 18 U.S.C. § 3582(c)(1)A). Thirty days have passed since the date of application with no response. The Government does not contest these facts at this time.

The parties agree that there have been no reported COVID-19 cases at FCI Sheridan to date. Dkt. #411 at 2; Dkt. #414 at 2. Mr. Wells presents no evidence of having any personal health issue putting him at higher risk of mortality or serious injury from COVID-19 than the general population.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).

Effective December 21, 2018, the First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 2

> 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act).

The Court finds that Mr. Wells has exhausted his administrative remedies and therefore moves on to the question of extraordinary and compelling reasons particular to this Defendant justifying the requested relief. Mr. Wells argues that this requirement is satisfied by his exposure to the risk of COVID-19 facing all inmates at FCI Sheridan. Mr. Wells states that "[p]risoners like Mr. Wells are subjected to the psychological burden of knowing they are susceptible to the virus due to inability to maintain social distancing and BOP is unable to provide adequate protection." Dkt. #411 at 6. Mr. Wells also argues that the conditions of confinement are "onerous" while FCI Sheridan is on lockdown to prevent the spread of the virus. *Id*. at 7. Mr. Wells specifically points to the requirement to be in his cell 22 hours per day, that he is only allowed to go outside only one hour per week, and that he has no opportunity to go to work, take classes, or participate in other programs. *Id*.

The Government responds by pointing out that Mr. Wells is "a 37-year-old man in good health," referring to his medical records obtained from the Bureau of Prisons, which "do not reflect any significant or chronic medical conditions relevant to coronavirus." Dkt. #414 at 4. The Government argues that several Courts have previously ruled that "a generalized risk of contracting COVID-19 would apply to everyone in confinement and does not constitute an extraordinary and compelling reason." *Id*. at 11 (citing *United States v. Fuentes*, No. 2:07-CR-0248, 2020 WL 1937398 (E.D. Cal. April 22, 2020); *United States v. Stanard*, No. CR16-320-

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 3

RSM, 2020 WL 2219478 (W.D. Wash., May 7, 2020); *United States v. Espinal*, No. 16-cr-349, 2020 WL 2092484 (E.D.N.Y. May 1, 2020); *United States v. Allegra*, No. 1:15cr243, Dkt. 232 at 7 (N.D. Ill. Apr. 13, 2020)). The Government also argues that Mr. Wells has failed to make "any showing that the facility at which he is housed is unequipped to provide appropriate medical treatment if he were to become sick" and that Mr. Wells's fears of contracting COVID-19 remain too speculative to constitute an extraordinary and compelling reason to release the Defendant. *Id*. at 11–12. The Government goes on to address the efforts BOP is making to safeguard inmates.

On Reply, Mr. Wells argues that he suffers from obesity and "allergic rhinitis" but presents no evidence that these conditions are risk factors for COVID-19. Dkt. #419 at 3 ("[i]t is unknown as to whether these conditions cause the Defendant to be more susceptible to the virus."). The remainder of the Reply brief discuss conditions faced by inmates generally.

This Court and at least one other judge in this District have previously cautioned that motions for release from imprisonment during the COVID-19 pandemic are "highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant." *See United States v. Fuller*, No. CR17-0324JLR, 2020 WL 1847751, *3 (W.D. Wash. Apr. 13, 2020). For that reason, requests for release "based on vague, generalized, or unsupported allegations are unlikely to receive favorable consideration." *Id*.

Such is the case here.

By all accounts Mr. Wells is a healthy 37-year-old without any known risks associated with a higher chance of mortality or serious injury from COVID-19. The conditions described at FCI Sheridan, although no doubt challenging and uncomfortable, do not alone create an extraordinary and compelling reason to release all inmates regardless of individual health issues. Given the above, the Court finds no extraordinary and compelling reason to grant the requested

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 4

relief and the Court need not proceed through Mr. Wells's Section 3553 factors or any other considerations.

Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Compassionate Release, Dkt. #411, is DENIED.

DATED this 15th day of June, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE