UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>NATHANIEL WELLS,<br><br>Defendant. | CASE NO. CR16-07RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION RE: COMPASSIONATE RELEASE |

This matter comes before the Court on the Motion for Reconsideration filed by Defendant Nathaniel Wells. Dkt. #429. Mr. Wells, an inmate at FCI Sheridan in Oregon, requests reconsideration of this Court's order denying his request for compassionate release "based on new information not previously presented to the Court, and which could not have been presented at the time that the previous motion was made. *Id.* at 1–2. This new information is that there have been four inmates who have tested positive for COVID-19 at FCI Sheridan and that the CDC has recently amended its Guidelines with regard to obesity, specifically that Mr. Wells' Body Mass Index ("BMI") of 33.5 now gives him an "increased risk of severe illness from COVID-19." Dkt. #429 at 2 (citing Dkt. #429-1 at 13). The four inmates who tested positive are apparently housed at FCI Sheridan camp, not the unit where Mr. Wells is located. Mr. Wells also discusses the hygiene conditions at FCI Sheridan.

ORDER DENYING MOTION FOR RECONSIDERATION – 1

The Court has previously set forth certain relevant facts for this Motion and incorporates them by reference. *See* Dkt. #411.

Motions for reconsideration are disfavored. CrR 12(b)(13). The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. *Id.* No response to a motion for reconsideration shall be filed unless requested by the court. *Id.*

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the

ORDER DENYING MOTION FOR RECONSIDERATION – 2

> Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act).

The Sentencing Commission offers guidance on medical conditions that may warrant compassionate release. Application Note 1 to USSG § 1B1.13 provides that "extraordinary and compelling reasons" for a sentence reduction exist when:

> (A) Medical Condition of the Defendant.
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13 cmt. n.1(A).

Over the past several months, faced with the rapid spread of COVID-19 through the country's prison systems, many courts have determined that the USSG's "medical condition" criteria are not well-suited to addressing the risk of serious illness or death from COVID-19. As a result, courts in this district have considered one or more of the following factors when evaluating a compassionate release request based on the threat COVID-19: (i) whether the

ORDER DENYING MOTION FOR RECONSIDERATION – 3

inmate is at higher risk because of his or her age and/or race; (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19; (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19; (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease; and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19.  *United States v. Powers*, No. CR15-166 TSZ, 2020 WL 3605748, *2 (W.D. Wash. July 2, 2020) (collecting cases).  Given the "catch-all" provision of the Commission's application notes, *see* USSG § 1B1.13, cmt. n.1(D), as well as the non-binding status of the comments to USSG § 1B1.13, the Court has discretion to consider the above factors.  *Id.*

   The Court has reviewed the new information supplied by Mr. Wells and weighed it along with what was previously known to the Court.  Mr. Wells remains a healthy 37-year-old.  The Court was previously aware of Mr. Wells' obesity.  The CDC now acknowledges that obesity with a BMI of 30 or higher is a risk factor for severe illness from COVID-19.  However, given Mr. Wells' age and lack of other health conditions, the Court finds that his BMI of 33.5 alone fails to significantly increase his risk from COVID-19 to constitute extraordinary and compelling reasons for release.  The other new information—four positive cases at FCI Sheridan—does not indicate to the Court that there is a widespread outbreak of COVID-19 or that such places him at higher risk of complications from COVID-19 compared to his risk if released.

   //

   //

   //

ORDER DENYING MOTION FOR RECONSIDERATION – 4

Having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Reconsideration, Dkt. #429, is DENIED.

DATED this 31st day of August, 2020.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION – 5