UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>NATHANIEL WELLS,<br><br>Defendant. | CASE NO. CR16-7-RSM<br><br>ORDER DENYING FOURTH MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on the Fourth Motion for Compassionate Release filed by Defendant Nathaniel Wells. Dkt #499. Mr. Wells, an inmate at FCI Sheridan in Oregon, seeks entry of an order pursuant to 18 USC § 3582(c) releasing him from confinement with a sentence of time served. *Id.* at 1. To be clear, this is the *fourth* time Mr. Wells has sought this relief in the last eighteen months. *See* Dkts. #411, #478; Case No. 12-cr-339 RSM, Dkt. #57. He appears to have exhausted his administrative remedies for a new motion as required by the applicable statute. The Court has determined that it can rule without responsive briefing and that an evidentiary hearing is unnecessary.

Mr. Wells includes no new information about his risk factors for COVID-19. He again mentions his obesity. He indicates he is now fully vaccinated. *See* Dkt. #499 at 9 ("I became fully vaccinated… on October 6, 2021"). He says he believes he had contracted COVID-19 prior

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 1

to receiving his vaccination, but he did not inform staff at FCI Sheridan. *See id.* at 4. Mr. Wells complains of the ongoing conditions of confinement at FCI Sheridan related to COVID-19 protections. He seeks a reduction in his sentence due to harsh conditions at FCI Sheridan.

Given that this is the fourth time Mr. Wells has sought this relief, a full recitation of the applicable legal standard is unnecessary. The Court incorporates the legal standard set forth in its prior Order. *See* Case No. 16-cr-7-RSM, Dkt. #420. The Court there ruled:

> By all accounts Mr. Wells is a healthy 37-year-old without any known risks associated with a higher chance of mortality or serious injury from COVID-19. The conditions described at FCI Sheridan, although no doubt challenging and uncomfortable, do not alone create an extraordinary and compelling reason to release all inmates regardless of individual health issues. Given the above, the Court finds no extraordinary and compelling reason to grant the requested relief and the Court need not proceed through Mr. Wells's Section 3553 factors or any other considerations.

*Id.* at 4–5.

On August 31, 2020, after reviewing new information submitted by Mr. Wells in a motion for reconsideration, including his Body Mass Index ("BMI"), the Court stated:

> Mr. Wells remains a healthy 37-year-old. The Court was previously aware of Mr. Wells' obesity. The CDC now acknowledges that obesity with a BMI of 30 or higher is a risk factor for severe illness from COVID-19. However, given Mr. Wells' age and lack of other health conditions, the Court finds that his BMI of 33.5 alone fails to significantly increase his risk from COVID-19 to constitute extraordinary and compelling reasons for release. The other new information—four positive cases at FCI Sheridan—does not indicate to the Court that there is a widespread outbreak of COVID-19 or that such places him at higher risk of complications from COVID-19 compared to his risk if released.

Case No. 16-cr-7-RSM, Dkt. #431 at 4.

This latest Motion does not include any new health concerns specific to Mr. Wells. Now that he is fully vaccinated, it stands to reason his risk of severe illness from COVID-19 is reduced,

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 2

not increased. Although he has included new information about the ongoing conditions of confinement at FCI Sheridan, he lists no new significant risks to him from COVID-19 and the Court finds no reason to deviate from its prior rulings on this matter.

The Court reminds Mr. Wells that, pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances include "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). His continued incarceration, now with the protection of the COVID-19 vaccine, in a facility with COVID-19 protocols applying to all inmates, does not constitute an extraordinary and compelling reason to modify his sentence. Barring a *significant* change in Mr. Wells' health or the conditions of confinement at FCI Sheridan, future motions for compassionate release will be denied.

Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Fourth Motion for Compassionate Release, Dkt #499, is DENIED.

DATED this 20th day of October, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 3